IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONNIE JOHNSON, DZ-3092, )
    Plaintiff, )
     )
    v. )  Civil Action No. 04-63
     )
SUPERINTENDENT CONNOR BLAINE, )
et al., )
    Defendants. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Defendants' Motion for Summary Judgment (Docket No.76) be granted and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is the Defendants' Motion for Summary Judgment.

Ronnie Johnson, an inmate at the State Correctional Institution at Huntingdon has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint, Johnson alleges that he was assaulted by institutional personnel on October 20, 2001 and as a result sustained injuries for which he was denied adequate medical treatment; that on January 15, 2002 he was transferred from disciplinary custody to administrative custody - restrictive housing where there was a faulty ventilation system which provided cold instead of hot air; that as a result in February 2002, he was provided with an extra blanket; that shortly thereafter his extra blanket, religious and cultural materials were removed or destroyed in

retaliation for a prior incident; that he was subsequently verbally assaulted, denied his breakfast and one hour exercise period on one occasion and that his legal materials were retained by prison administrators for ten months. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983, and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants are various institutional personnel all of whom now move for summary judgment.

On November 16, 2004, the complaint was dismissed as time barred. On November 4, 2005, the Court of Appeals vacated the dismissal and remanded the matter for consideration of whether the claims made were barred for failure to exhaust the available administrative remedies. The plaintiff subsequently moved to amend his complaint to substitute names for the John Doe defendants. Thus, the issues for consideration are the assault which allegedly occurred on October 20, 2001, and the denial of proper medical treatment for injuries sustained in that assault and the subsequent allegations of acts of retaliation, and whether they are properly raised here.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The original complaint was dismissed on the grounds that events surrounding the assault which occurred on October 20, 2001 were time barred and the remaining claims of retaliation while not time barred were subject to dismissal for failure to exhaust the available administrative remedies <u>Santana v. United States</u>, 98 F.3d 752 (3d Cir. 1996). In remanding the matter, the

Court of Appeals noted that the burden of demonstrating failure to exhaust rests on the defendants.

However, as previously observed, the issues which the plaintiff presents here regarding the events of October 20, 2001, appear to be time barred. Nevertheless, in responding to the remand, the defendants seek summary judgment on all claims on the basis that the plaintiff has failed to exhaust his administrative remedies. Specifically, in that regard, the defendants set forth in ¶2 of their motion:

> Plaintiff has failed to exhaust administrative remedies with respect to: a) the October 20, 2001 assault by guards; b) the claim of deliberate indifference against Defendants Pompura and Lidugvich (Ledwich); c) the February 21, 2002 incident of retaliation when Correctional Officers took a blanket and Kwanzaa materials; d) the March 7, 2002 incident of retaliation where Correctional Officer Nelson looked at a distinct tray of food; and e) the June 25, 2002 incident of retaliation where CO Nelson verbally harassed Plaintiff.

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). Pennsylvania provides such a mechanism.[1] This requirement also has a procedural default component. Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

In support of the motion, the defendants have submitted a number of documents.

Attachment B to the motion is the records relative to Grievance 6970 regarding the October 20, 2001 claim of use of excessive force. That incident was administratively terminated

---

[1] See: Administrative Directive 804.

3

on March 5, 2002 as inadequately documented by the plaintiff and for this reason, it was dismissed. Thus, the claim was defaulted as a result of the plaintiff's failure to exhaust the available administrative remedies. Additionally, this incident was the subject of an extensive investigation which ultimately concluded that excessive force was not employed.[2]

Attachment C relates to Grievance Nos. 13475, 17268, 47887, 48980 and 49154. These grievances are the ones filed by the plaintiff regarding lack of appropriate medical attention and do not in any way implicate defendants Pompura and Lidugvich (Ledwich), as the plaintiff alleges, and for this reason summary judgment in their behalf is appropriate.

Attachment D concerns Grievance No. 15029 relating to the February 21, 2002 retaliation claim which was only appealed to the first administrative level, i.e. the institutional level, and not to the final appeal stage, i.e., the departmental level. Thus, again, the plaintiff has failed to exhaust the available administrative remedies on the matter he raises here.

Attachment E concerns Grievance No. 15846 relating to the alleged March 7, 2002 incident of retaliation. While appealed to the highest administrative level, it does not concern the matters about which the plaintiff complains here, i.e., that Officer Nelson looked for a "distinct" food tray to serve him. Once again, the plaintiff has failed to exhaust the available administrative remedies on the matter which he seeks to raise here.

Attachment F concerns Grievance No. 24076 relating to the plaintiff's June 25, 2002 claim of retaliation. That claim likewise was never fully administratively exhausted.

Attachment P concerns Grievance No. 21790 relating to plaintiff's June 11, 2002 retaliation claim. That document likewise conclusively demonstrates that the available

---

[2] See: Attachment G to the motion.

administrative remedies were not exhausted.

The record here contains in Exhibit A a summary of the numerous grievances filed by the plaintiff. It further demonstrates that the plaintiff has failed to exhaust his available administrative remedies, and thus, these issues are not properly before this Court for consideration.

The plaintiff has also made claims against defendants Blaine and Miller in their administrative capacity. In order to impose such liability, it must be premised on a theory of respondeat superior, a concept which does not support § 1983 liability. Only actual participation or acquiescence would serve such a purpose. A.M. v. Luzerne, 372 F.3d 572 (3d Cir. 2004). Thus, they are not properly defendants in this action.

The plaintiff has also raised the issue of being retaliated against for filing inmate grievances and specifically Grievance No. 6970 regarding the October 20, 2001 incident. In order to make such a showing, the plaintiff must demonstrate that he engaged in constitutionally protected conduct; that he suffered an adverse action as a result and that the protected activity was a motivating factor in the alleged retaliation. Rouser v. Horn, 241 F.3d 330 (3d Cir.2001). Exhibit A to the motion demonstrates that after filing Grievance 6970, the plaintiff filed an additional thirty-seven grievances. Clearly, the alleged retaliation did not have a chilling effect. Nor has the plaintiff presented any evidence demonstrating that the acts about which he complains were retaliatory.

Rather, in response, the plaintiff again argues that his claims are meritorious but does not counter the submissions made by the movants.

The case was remanded for the purpose of a determination of whether or not the plaintiff had exhausted the available administrative remedies on the issues which he seeks to raise here. We

have examined those matters from which it appears as a matter of law that he failed to do so. As a result there are no bases upon which the plaintiff can proceed here, and it is recommended that the defendants' motion for summary judgment be granted, and that judgment be entered accordingly.

    Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                                            Respectfully submitted,

                                                                            s/Robert C. Mitchell,

Entered: September 19, 2006                    United States Magistrate Judge