IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONNIE JOHNSON,                        )
                                       )
                Plaintiff,             )
                                       )    Civil Action No. 04-063
        v.                             )    Judge Thomas M. Hardiman
                                       )
SUPT. CONNER BLAINE, JR., et al.,      )
                                       )
                Defendants.            )

## MEMORANDUM ORDER

AND NOW, this 1st day of December, 2006, after Plaintiff Ronnie Johnson filed a civil

rights complaint in the above-captioned case (Doc No. 80), and after a motion for summary

judgment was filed by Defendants (Doc. No. 76), and after a Report and Recommendation was

issued by the United States Magistrate Judge (Doc. No. 91), and the parties were granted a time

period after being served with a copy to file written objections thereto, and upon consideration of

the objections filed by Plaintiff (Doc No. 94), and after independent review of the pleadings,

including Plaintiff's four responses in opposition to summary judgment (Docs. Nos. 84-85 & 89-

90), as well as of the Magistrate Judge's Report and Recommendation, it is hereby

ORDERED that Defendants' motion for summary judgment is GRANTED for the

reasons stated in the Magistrate Judge's Report and Recommendation, which is ADOPTED

except with respect to the following:

1.      The first sentence of the first complete paragraph on page 3 is deleted.  The

        second sentence of that paragraph is amended to read: "In responding to the

        remand, the defendants seek summary judgment on all claims on the basis that the

plaintiff has failed to exhaust his administrative remedies."

2.      The final sentence of the paragraph immediately preceding the first complete

paragraph on page 4, including the accompanying footnote, is deleted.

3.      The following paragraphs are added immediately before the first complete

paragraph on page 4:

> In two of Plaintiff's responses opposing summary judgment and in his objection to this Report and Recommendation, he appears to argue that he never received copies of the documentation required by the DC-ADM 804 grievance system with respect to Grievance 6970. For example, in his objection to the Report and Recommendation, Plaintiff writes: "To say a staff can obstruct a prisoner's timely receiving copies of his initial grievance, initial response, Appeal to Supt. and Supt. response[,] then he's considered to be defaulted in his exhaustion, [is wrong]." The Court of Appeals has been clear that a plaintiff need only exhaust such administrative remedies "as are available." *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000); *accord Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002).

> Plaintiff has presented no information, however, about whether he did not receive the copies at issue at all or merely did not receive them in a *timely* fashion. More importantly, Plaintiff has cited nothing in the record, not even an affidavit of his own, to support the allegation that prison officials never provided him with the copies at issue. Although the Court must construe allegations in favor of a *pro se* plaintiff, *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), and Defendants bear the burden of persuasion on the defense of procedural default due to non-exhaustion, *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003), Plaintiff must nonetheless, at the summary judgment stage, adduce more evidence than bald assertions in the pleadings without any factual support in the record. *See DeHart v. Horn*, 390 F.3d 262, 267 (3d Cir. 2004) ("In reviewing the grant of summary judgment, we must affirm if the record evidence submitted by the non-movant 'is merely colorable or is not significantly probative.'" (internal citation omitted)); *see also Beard v. Banks*, 126 S.Ct. 2572, 2578, 2580-81 (U.S. 2006) (plurality opinion).

> Contrary to the assertions in Plaintiff's pleadings, Plaintiff himself wrote in his Superintendent Appeal: "I just received a copy of the initial review response from the grievance officer." And Plaintiff must have been in possession of the Superintendent Appeal at some

2

point because he wrote it himself on a form provided to him. The only
remaining required document is the Superintendent's Response in the
form of a letter dated November 27, 2001, but again, Plaintiff provides
nothing beyond the mere assertions in his pleadings that he was
"obstruct[ed]" from timely receiving it.

The Court notes that "it is important to recognize that 'an
inmate who is proceeding *pro se*, is in a decidedly difficult position
from which to generate "record evidence" on his behalf . . . [u]nder
these circumstances, his affidavits . . . are about the best that can be
expected from him [at summary judgment phase of] the proceedings.'"
*Smith v. Mensinger*, 293 F.3d 641, 649 n.4 (3d Cir. 2002) (internal
citation and emphasis omitted). This principle thus distinguishes the
instant case from *Brown*, in which the plaintiff had submitted an
earlier affidavit detailing his reasons for failure to exhaust. 312 F.3d at
112. Unlike *Brown*, here Plaintiff has provided *no* affidavits on this
issue, though he did so on his underlying claim.

Finally, both the Court of Appeals and several district courts in
Pennsylvania have examined DC-ADM 804 and have uniformly held
that generalized dissatisfaction with the procedure's implication of
time and funds does not suffice to excuse non-exhaustion on
unavailability grounds. *See, e.g., Eakle v. Palakovich*, No. 06-2803,
2006 WL 2917531, at *1 (3d Cir. Oct. 12, 2006) (per curiam); *Keys v.
Craig*, 160 Fed. Appx. 125, 126 (3d Cir. 2005) (per curiam); *Campbell
v. Beard*, No. Civ. 1:CV-02-2298, 2006 WL 229193, at *3 (M.D. Pa.
Jan. 31, 2006); *Pew v. Torma*, No. Civ.A. 03-1728, 2005 WL
3447926, at *7 (W.D. Pa. Nov. 4, 2005) ("Plaintiff provides no
evidence that at the time he was required to make copies of his second
level appeal in order to send the copies along with his third level
appeal that he had utilized his $10.00 allotment or otherwise was
unable to pay for them.").

4.    The final sentence of the third complete paragraph on page 5 is deleted and

replaced with the following sentence:

Therefore, "[h]e points to no affirmative act by prison officials that
would have prevented him from pursuing administrative remedies."
*Ruggiero v. County of Orange*, 467 F.3d 170, 178 (2d Cir. 2006).

It is further ORDERED that judgment shall be entered in favor of Defendants, and the

Clerk is directed to mark the case CLOSED.

3

It is further ORDERED that pursuant to Fed. R. App. P. 4(a)(1), if Plaintiff desires to appeal from this Order, he must do so with thirty (30) days by filing a notice of appeal as provided by Fed. R. App. P. 3.

December 1, 2006                              BY THE COURT:

                                             Thos M. Hardiman
                                             _____
                                             Thomas M. Hardiman
                                             United States District Judge

4